BRYAN, Judge,
concurring specially.
I fully concur in the main opinion, despite the fact that it is based, in part, on this court’s decision in T.B. v. DeKalb County Department of Human Resources, 12 So.3d 90, 99 (Ala.Civ.App.2008), in which I filed a dissenting opinion. See T.B., 12 So.3d at 99-100. In T.B., I dissented from the judgment reversing the mother’s parental rights because I did not believe that this court had properly reversed the judgment terminating the parental rights of the father in a companion case, J.B. v. DeKalb County Department of Human Resources, 12 So.3d 100 (Ala.Civ.App.2008). However, in the present case, I fully concur in the conclusion reached in the main opinion that the juvenile court erroneously terminated the father’s parental rights. Thus, despite the fact that I find clear and convincing evidence in the record to support the juvenile court’s conclusion that the mother was unable to remain drug and alcohol free for a “sustainable period of time,” I agree with the conclusion in the main opinion that the judgment terminating the parental rights of the mother should be reversed because, from all that appears in the record before this court, there is nothing that would prevent an appropriately tailored award of custody to the father from being a viable alternative to the termination of her parental rights.
However, this conclusion is based on the fact that the record reveals that the mother and the father are in a committed long-term relationship. Indeed, the mother and the father indicated that they held themselves out to have a common-law marriage. Thus, I believe the decision in this case could be different if the facts of the case indicated that the relationship between the mother and the father was not stable. The record reveals that the mother works for, or at least with, the father and that the mother and the father are “always together.” I find no basis in the record for concluding that the father cannot protect the children from any potential danger presented by the possibility of the mother’s continued substance abuse.
With that being said, I caution the mother to continue her diligent efforts at maintaining an alcohol and drag-free lifestyle. My approval of this court’s decision today should not be read as an approval of the mother’s behavior, which has resulted in her children being kept in foster care for an extended period.